UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHARLES LONG, ) | CIV. 03-5122-KES |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER GRANTING |
| ) | SUMMARY JUDGMENT |
| RON MERWIN, ) | |
| Meade County Sheriff, ) | |
| ) | |
| Defendant. ) | |

Defendant, Ron Merwin, moves for summary judgment. Plaintiff, Charles Long, failed to respond to the motion. After careful consideration, the motion is granted.

**BACKGROUND**

Merwin filed a statement of undisputed material facts with his motion for summary judgment. Local Rule 56.1(C) of the Local Rules for the United States District Court for the District of South Dakota provides that the party opposing a motion for summary judgment "shall respond to each numbered paragraph in the moving party's statement [of material facts] with a separately numbered response and appropriate citations to the record." All material facts that are not disputed by the nonmoving party are deemed to be admitted. D.S.D. LR 56.1(D). See also Northwest Bank & Trust Co. v. First Illinois Nat'l Bank, 354 F.3d 721, 724-25 (8th Cir. 2003) (holding it was not an abuse of discretion to deem that plaintiff had admitted all of

defendants' statements of material facts as a sanction for noncompliance with local summary judgment rules). Therefore, this court finds that Long has admitted all of the material facts contained in defendant's statement of undisputed material facts.

Long was an inmate at the Meade County Jail from October 28, 2003, to December 8, 2003. Defendant's Undisputed Material Facts ¶ 2. The Meade County Jail provides an Inmate Handbook to each prisoner, including Long. Id. at ¶¶ 1-2. Prisoners can be subject to administrative segregation for closer observation or disciplinary sanctions. Id. at ¶ 15. Prisoners are not entitled to a hearing for minor rule violations, such as disrespect, derogatory comments, failure to comply with orders, unnecessary noise, and disrupting jail operations. Affidavit of Dave Muller, Exhibit A, pp. 26-27. Long had a history of rules violations, including making disrespectful comments to jail staff. Id. at ¶¶ 2, 4. Long's violations, consequences, subsequent grievances, and prison responses were recorded. Id. at ¶¶2-3.

On November 21, 2003, the inmates housed in Pod "C," including Long, lost television privileges for two days after a note was found. The note contained derogatory references to jail staff. No inmate took responsibility for the note, so the privilege loss applied to all inmates in Pod "C." Id. at ¶ 5; Affidavit of Dave Muller, Exhibit C, p. 5-8. Later that same day, Long

failed to comply with an order to clean the pod and was given five days' detention. Defendant's Undisputed Material Facts ¶ 7. Later that same day, Long threatened to be disruptive in the general population and Officer Jerry D. Price determined it would be best to place Long in "lockdown." Id. at ¶ 8. Long's misbehavior continued throughout the day, including making animal sounds after he was warned to be quiet and derogatory language until Long was given an additional five days of "lockdown." Id. at ¶¶ 9-10. Long also received discipline for non-compliance with rules and disrespectful behavior on November 23 and 25, 2003. Id. at ¶¶ 11-12.

Long then filed a grievance that his Fourth, Fifth, and Fourteenth Amendment rights were violated because the jail had imposed sanctions without proper due process, including failure to provide notice or a hearing. Id. at ¶ 13. The jail responded to Long's grievance, explaining the consequence for his previously noted actions and also informed Long of his punishment in writing after each violation. Id. at ¶¶ 14-17.

Long was not denied access to all books and magazines, just certain books delivered to the jail for Long. Id. at ¶¶ 18-19. Affidavit of Dave Muller, p. 33. The jail did not force Long to donate the books he received, but kept them in a locker and released all of them to a designee requested by Long. Id. at ¶ 34. The jail does not allow prisoners access to books shipped in to prevent introduction of contraband into the jail. Id. at ¶ 33. A

prisoner may donate the books, wherein jail staff can check the books and then place them in the prison library. Id. All prisoners, including Long, have access to the library during periods of good behavior. Id. at ¶ 35. In addition, during this time period, Long requested numerous legal documents which were provided to him. Id. Merwin now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) on all of Long's remaining complaints.

## LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment is not appropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980). The nonmoving party may not, however, merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that a genuine issue exists. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).

## DISCUSSION

An action arising under 42 U.S.C. § 1983 must allege that conduct of a defendant acting under color of state law deprived plaintiff of a right, privilege, or immunity secured by the constitution or the laws of the United States. Murray v. City of Onawa, Iowa, 323 F.3d 616, 619 (8th Cir. 2003). In order to survive defendant's motions for summary judgment, Long must present: (1) evidence raising a genuine issue of material fact about whether Merwin acted under color of state law, and (2) evidence showing that the alleged action deprived Long of a right, privilege, or immunity protected by federal law or the Constitution.

5

Long has failed to establish sufficient facts supporting his allegation that Merwin violated his federal legal or constitutional rights. Long alleges Meade County denied him use of books properly mailed to him and forced him to donate his books to the jail in order to look at them. Long retains a constitutional right in his property, even those property rights arising from state law. Walters v. Grossheim, 990 F.2d 381, 385 (8th Cir. 1993). If Long could prove that Merwin denied him access to his books for no legitimate reason or forced him to donate his personal property to the jail, Long might assert a proper § 1983 claim. Cooper v. Schriro, 189 F.3d 781, 784 (8th Cir. 1999). Long, however, would have to refute any defense proffered by defendants that book restrictions were for a legitimate penological purpose. Id.

Here, the facts indicate that Long does not dispute that he was not forced to donate his books and that the jail has a legitimate purpose for limiting access to specific books sent to prisoners, namely to prevent the introduction of contraband into the jail. Long was allowed to release his books to a designee and had access to books in the library during periods of good behavior. Long does not dispute these facts. For all of these reasons, Long's claims of constitutional deprivation of access to books or loss of his specific books fails and summary judgment for Merwin is appropriate.

Long further alleges that he was denied due process in the imposition of sanctions and discipline against him without proper notice and a hearing. Inmate punishment through special confinement or loss of privileges must afford some level of due process in the context of the prison environment. Boutchee v. Grossheim, 11 F.3d 101, 103 (8th Cir. 1993) (noting a hearing may be required for loss of good time credits or transfer to punitive segregation); Brown-El v. Delo, 969 F.2d 644, 647-48 (8th Cir. 1992) (considering due process requirements and lower level required regarding prison investigation or safety purposes). For minor rule violations, prisoners may be subject to less due process as provided for in an inmate handbook. Boutchee, 11 F.3d at 103.

Here, the facts show that Long had a series of minor rule violations, resulting in either detention, "lockdown" in his cell, or loss of privileges and written notice of such action. Long does not dispute that he was not placed in segregation or subjected to other more serious sanctions. The Inmate Handbook and the constitution require no more than the process afforded Long. Long has not demonstrated any disputed issue of material fact as to denial of due process. For all of these reasons, Long's claims of constitutional deprivation of due process fails and summary judgment for Merwin is appropriate.

**CONCLUSION**

There are no material facts in dispute. Long has not alleged evidence to show that he was deprived of a right, privilege, or immunity protected by federal law or the Constitution. Thus, defendant is entitled to summary judgment on the § 1983 claims. Accordingly, it is hereby

ORDERED that defendant Ron Merwin's motion for summary judgment (Docket 32) is granted.

Dated June 16, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE